IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT A. FERRANDO, | No. CIV S-08-2470-FCD-CMK |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court is plaintiff's motion to compel (Doc. 18) production of the complete certified administrative record.[1]

/ / /

---

[1] The matter was originally noticed for hearing on June 26, 2009, before the District Judge assigned to this case. By minute order issued on May 14, 2009, the hearing was removed from the District Judge's calendar and plaintiff's counsel was instructed to schedule the matter for hearing before the undersigned. To date, plaintiff's counsel has not scheduled any hearing and the court now rules on the matter without oral argument. <u>See</u> Local Rule 78-230(h).

Plaintiff argues that the certified administrative record lodged by defendant is incomplete. Specifically, plaintiff states that the following are missing: (1) eleven pages submitted by attorney Manuel Garcia; and (2) exhibits from a prior claim file which were relied upon by the Administrative Law Judge to deny benefits on the current claim. Incorporated in a joint statement submitted by plaintiff's counsel is the following response from defendant's counsel as to defendant's position:

> As to (1), if you believe that the administrative record is missing information, then you may (a) obtain that information and submit it pursuant to sentence six of 42 U.S.C. § 405(g), or (b) argue that the ALJ's decision lacks the support of substantial evidence. I have reviewed the ALJ's decision and do not see that he relied on any materials from Manuel Garcia. Since the ALJ did not appear to rely on any such materials, it would be legally incorrect for me to introduce those materials. . . .
>
> As to (2), the evidence that you seek concerns a prior administrative decision that is now non-reviewable because so much time has passed. That evidence is unnecessary to determine whether plaintiff has rebutted any presumption of continuing non-disability under Chavez. The presumption is not created by that evidence, but by the prior administrative decision, which is in the administrative record.

The court finds that defendant's arguments are persuasive and concludes that plaintiff's argument are more appropriately raised in a request for voluntary remand based on new evidence, or a motion for summary judgment and/or remand.[2] The cases cited by plaintiff do not change this conclusion. Citing Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171 (6th Cir. 1994), and states:

> . . . Because the Commissioner has not filed [a complete] transcript, but submitted a file which lacks much of the evidence relied upon by the Defendant, it is appropriate for this Court to remand for a rehearing. . . .

///

---

[2] The procedures under which plaintiff is required to prosecute this action, including procedures for seeking voluntary remand or moving for summary judgment and/or remand, are outlined in the court's October 27, 2008, scheduling order.

1  This case, as plaintiff states, stands for the proposition that plaintiff can argue for a remand and
2  not for the proposition that production of documents should be ordered in the context of a
3  judicial review action in the district court.  Plaintiff also cites <u>Collins v. Astrue</u>, 2008 WL
4  817332 (E.D. Ky. 2008), <u>Lucas v. Astrue</u>, 2008 WL 474286 (D. Kan. 2008), and <u>Antonetti v.
5  Barnhart</u>, 399 F. Supp. 2d 199 (W.D. N.Y. 2005).  In each of these cases, the court noted that
6  remand may be the appropriate remedy where the administrative record is incomplete.  Plaintiff
7  acknowledges as much in her brief by concluding as follows:  "Thus, a remand for rehearing
8  appears to be indicated," and "In the alternative, Plaintiff requests that this Court order a remand
9  so that Defendant can provide the missing documents for redetermination of whether Ferrando
10 rebutted the presumption of continuing disability."  What is not indicated – or appropriate – is an
11 order directing the production of documents.

12        The court will sua sponte extend the time for plaintiff to file his motion for
13 summary judgment and/or remand.  Plaintiff is cautioned that failure to do so may result in
14 dismissal of this action for lack of prosecution and failure to comply with court orders.  <u>See</u>
15 Local Rule 11-110.

16        Accordingly, IT IS HEREBY ORDERED that:

17        1.    Plaintiff's motion to compel (Doc. 18) is denied; and

18        2.    Plaintiff shall file a motion for summary judgment and/or remand by July
19 23, 2009.

21  DATED: June 11, 2009

                                                      _____
                                                      **CRAIG M. KELLISON**
                                                      UNITED STATES MAGISTRATE JUDGE