IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT A. FERRANDO, | No. CIV S-08-2470-FCD-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court is Plaintiff's motion to remand (Doc. 21) and Defendant's motion to strike (Doc. 25).

In his motion to remand, Plaintiff argues this court should remand this matter for Defendant to complete the administrative record. The merits of case have not been briefed. Plaintiff argues that the administrative record is deficient for failure to include an argument by attorney Manuel Garcia and the exhibits relied on by the administrative law judge ("ALJ") from Plaintiff's previous claim. Defendant argues in opposition that the argument by Mr. Garcia was in fact included, and the exhibits from the previous claim are irrelevant to the issue before the

court.  In reply, Plaintiff acknowledges that Mr. Garcia's argument is included.  However, he continues to argue that this case should be remanded.

As to Mr. Garcia's argument, both parties now agree that it is included in the administrative record.  The issue before the court, therefore, is whether the certified administrative record is incomplete without the exhibits from Plaintiff's prior claim.

Where a plaintiff has previously applied for disability benefits, and has been denied, the determination of non-disability creates a presumption of continuing non-disability.  See Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995).  The presumption does not apply, however, if there are changed circumstances.  See Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985).  Thus, the presumption of continuing non-disability may be overcome by a showing of new facts establishing a previously unlitigated impairment.  See Lester, 81 F.3d at 827-28; see also Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988).  The attainment of advanced age after the prior decision also constitutes a changed circumstance overcoming the presumption of continuing non-disability.  See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988).

A reviewing court, in determining whether the presumption of continuing non-disability applies, reviews a claimant's residual functional capacity ("RFC") as determined by the prior ALJ findings, in comparison to what the current ALJ found, to determine whether there are in fact changed circumstances.  What the prior ALJ relied on is irrelevant.  The court only relies the prior ALJ's findings as to Plaintiff's abilities.  See Chavez, 844 F.2d at 693.  The undersigned therefore agrees with the defense that the failure to include the exhibits from Plaintiff's prior claim does not render the CAR incomplete.

The undersigned agrees with Plaintiff's argument that the court should remand a case where the record lacks the evidence relied on by the ALJ in the decision under review.  The cases Plaintiff cites support this argument.  However, that is not the issue currently before the court.  The evidence used by the ALJ in the current decision is included in the record, and the court has the ability to exercise meaningful and informed judicial review of the agency's

decision. The evidence used by the prior ALJ is irrelevant, and the prior ALJ's decision and findings is included in the CAR. Any argument that the prior ALJ's decision and/or findings were incorrect or insufficient should have been raised following that decision. The prior decision is not now before the court, and any such argument that the prior decision was erroneous now would be improper. If the ALJ erred in the current decision, that issue can be addressed in a motion for summary judgment.

Plaintiff raises additional arguments in his reply papers, to which Defendant has filed a motion to strike. Plaintiff's additional arguments are better raised in a motion for summary judgment, wherein he can address the merits of his arguments in relation to the errors he claims the ALJ made in his decision. The motions before the court at the present time do not sufficiently brief the merits of the arguments, and the undersigned finds it more appropriate to rule on the merits of those issues after being properly briefed. As the undersigned does not address the merits arguments raised in the reply, and is recommending the motion to remand be denied at this time, the undersigned finds no reason to strike the reply brief.

Finally, Defendant requests that this case be dismissed as Plaintiff was directed to file a motion for summary judgment and/or remand and he chose to file a motion for remand. The undersigned does not find it appropriate to dismiss this case at the present time. Plaintiff filed this motion to remand in an attempt to obtain the exhibits relied upon in the prior decision, apparently in order to include them in his merits argument. While the undersigned does not find the prior exhibits necessary to complete the record, Plaintiff should not be punished for his attempt to obtain copies he believes would help his case. Plaintiff should still be provided an opportunity to brief the merits of his arguments in a motion for summary judgment.

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's motion to remand (Doc. 21) be denied;

2. Defendant's motion to strike (Doc. 25) be denied; and

///

1          3.      Plaintiff be directed to file a motion for summary judgment within 20 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within eleven (11) days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 20, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE