**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

MATT A. FERRANDO,

Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

______________________________/

No. CIV S-08-2470-FCD-CMK

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court are plaintiff's motion for summary judgment (Doc. 32) and defendant's cross-motion for summary judgment (Doc. 33).

## I. PROCEDURAL HISTORY

Plaintiff has applied for social security benefits three times. His first application was submitted December 27, 2001. This application was denied initially and on reconsideration. A hearing was held before Administrative Law Judge ("ALJ") Fong on July 9, 2003, who rendered an unfavorable decision on December 27, 2003. No appeal of ALJ Fong's decision was filed. Petitioner's second application for benefits was submitted on September 15, 2004. This

application was also denied initially and on reconsideration. A hearing was held before ALJ Ramsey on March 6, 2007, who also rendered an unfavorable decision on June 13, 2007. Plaintiff did appeal this decision to the Appeals Council, which was denied. The instant action was filed based on the denial of Plaintiff's second application (ALJ Ramsey's decision). Plaintiff then filed his third application for benefits on July 27, 2007. A hearing was held on August 11, 2007, before ALJ Villere who issued a favorable decision with an onset date of July 27, 2007.

In his application, Plaintiff claims that his disability is caused by a combination of organic mental disorders (chronic brain syndrome), Strabismus and other disorders of eye movements (Certified Administrative Record ("CAR") 59). He also apparently claimed back pain and numbness (CAR 173). The decision at issue here is ALJ Ramsey's March 6, 2007, unfavorable decision. ALJ Ramsey concluded that plaintiff is not disabled, and did not overcome the presumption of continuing non-disability, based on the following relevant findings:

> 1. The claimant met the insured status requirements of the Social Security Act though June 30, 2004.
>
> 2. The claimant has not engaged in substantial gainful activity since February 27, 2001, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: rule out cognitive disorder, not elsewhere specified; generalized anxiety disorder and ocular muscle palsy of the right eye (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undesigned finds that the claimant has the residual functional capacity to perform the mental demands of unskilled work. The undersigned further finds that the claimant should not engage in activities involving climbing heights or dangerous machinery.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 7, 1976 and was 24 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 27, 2001 though the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Plaintiff filed this action on October 17, 2008. In his complaint, Plaintiff states he is appealing ALJ Ramsey's opinion because "(1) the Commissioner's actions, findings and conclusions were not supported by substantial evidence and (2) incorrect legal standards were employed in the determination of the ultimate issues." (Comp., Doc. 2, at 1-2.) After Defendant filed an answer, Plaintiff filed a motion to compel, in which he sought production of the transcript relating to his previous application. The court denied Plaintiff's motion, and directed Plaintiff to file his motion for summary judgment and/or remand. On June 29, 2009, Plaintiff filed his motion to remand requesting the court remand this matter to require that Defendant complete the administrative record, based on Defendant's refusal to include in the CAR all records from Plaintiff's previous claim. The court noted the merits of this case were not addressed. The motion to remand was denied, and Plaintiff was directed to file a motion for summary judgment. (Doc. 28, 29).

Plaintiff has filed his motion for summary judgment (Doc. 32) and Defendant has filed a cross-motion for summary judgment (Doc. 33). Plaintiff did not file a reply. Plaintiff's motion for summary judgment does not address any errors in ALJ Ramsey's decision. Instead,

Plaintiff argues that motions for summary judgment are premature because there is no evidence before the court as to what ALJ Villere relied on for his decision, the Commissioner's action, findings and conclusions are not supported by substantial evidence, and incorrect legal standards were employed in the determination of the ultimate issues.

**II. SUMMARY OF THE EVIDENCE**

The CAR contains ALJ Ramsey's June 13, 2007, decision (CAR 15-23), as well as ALJ Fong's October 27, 2003, decision (CAR 298-307). It also includes Plaintiff's medical records from the following providers:

1. Shasta Eye Associates (from January 12, 2005 to February 2, 2005) (CAR 194-199) (showing Plaintiff has significantly diminished vision on the right and depth perception, but has adapted well and should have only minimal limitations therefrom);

2. Psychological Evaluation by David Richwerger, Ed.D. (dated April 12, 2005) (CAR 200-207) (noting Plaintiff has no history of psychiatric treatment; while Plaintiff reported hearing voices, there was no evidence of hallucinations or response to internal stimuli; due to his vision problems, Plaintiff's low scoring tests did not accurately measure his actual abilities; diagnostic impression included "Rule out cognitive disorder, not elsewhere specified, mild. Generalized anxiety disorder. Learning disorder, not elsewhere specified, by history given." Plaintiff's GAF was 65; Plaintiff was found to have a moderate impairment in his ability to perform detailed and complex tasks; a slight impairment in his ability to: (1) perform work activities on a consistent basis, (2) complete a normal workday or work week without interruption from a psychiatric condition, (3) understand and accept instruction from supervisors, (4) interact with coworkers and the public, (5) deal with the usual stresses encountered in competitive work; and no impairment in his ability to: (1) perform simple and repetitive tasks,

/ / /

/ / /

/ / /

(2) perform work activities without special supervision, or (3) maintain regular attendance in the work place.)[1]

3. Internal Medicine Consultative Examination by Jed L. Freeman, M.D. (dated April 23, 2005) (CAR 208-213) (Plaintiff reported chronic low back pain and was unable to bend due to stated pain; all range of motion were grossly normal; found to have no functional limitations that would prevent him from pursuing rehabilitation retraining.)

4. Residual Functional Capacity Assessment (RFC) - Mental (dated May 10, 2005) (CAR 214-220) (no evidence of limitation in Plaintiff's ability to remember, understand short simple instructions, or carry out short simple instructions; no significant limitations in his ability to maintain attention and concentration, perform activities and maintain regular attendance, sustain an ordinary routine, work in coordination with others, make simple work-related decisions, complete normal workday and workweek, interact with public, ask simple questions, accept instructions, get along with coworkers, maintain socially appropriate behavior, respond appropriately to changes in the work setting, be aware of normal hazards, travel in unfamiliar places, or set realistic goals, and was moderately limited in his ability to understand, remember and carry out detailed instructions.)

5. Psychiatric Review Technique Form (dated May 10, 2005) (CAR 221-234) (noted cognitive disorder, not elsewhere specified, and generalized anxiety disorder; only mild limitations in daily living activities, maintaining social functioning, and maintaining concentration, persistence or pace; insufficient evidence of decompensation episodes.)

6. Shasta Community Health Center (from September 4, 2004 to May 23, 2005) (CAR 235-256) (seen for back pain and vision problems; x-ray showed mild dextroscoliosis in the thoracic spine; tendency to exaggerate noted; thoracic spine CT showed no

---

[1] It is noted that there are some discrepancies in the reports regarding Plaintiff's use of illicit drugs. Some of the records indicate a past use of methamphetamine, while others state Plaintiff denies any past or present use of street drugs. Lab tests done May 23, 2005 show no evidence of amphetamine (CAR 239).

significant abnormalities of the paraspinous soft tissues, no significant lesion evident; medications included Vicodin, baclofen and Naprosyn.)

7. Medical Consultant's Comments (dated September 27, 2005) (CAR 257-258);

8. Harold Budram, M.D. (from January 17, 2007 to January 20, 2007) (CAR 259-263) (two visits for neck and back pain, CT ordered but no results are included; opined brain trauma and lower back strain incapacitates Plaintiff permanently.)

9. Mental Assessment, Shasta County Mental Health (dated February 21, 2007) (CAR 264-270) (psych. evaluation showed psychotic disorder due to closed head trauma; clinical findings of impaired memory, panic attack, auditory hallucination, visual hallucination, racing thoughts; prognosis was guarded; Plaintiff was found to be significantly limited in most categories.)

10. Shasta County Mental Health (from December 19, 2006 to March 7, 2007) (CAR 271-292) (initial assessment, diagnosis deferred, rule out mood disorder, psychotic disorder; GAF of 45).

## III. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v.

Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

An unappealed denial of an application for disability benefits operates as res judicata as to the finding of non-disability. See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988). The prior determination of non-disability also creates a presumption of continuing non-disability. See Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995). The presumption does not apply, however, if there are changed circumstances. See Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985). Thus, the presumption of continuing non-disability may be overcome by a showing of new facts establishing a previously unlitigated impairment. See Lester, 81 F.3d at 827-28; see also Gregory, 844 F.2d at 666. The attainment of advanced age after the prior decision also constitutes a changed circumstance overcoming the presumption of continuing non-disability. See Chavez, 844 F.2d at 693.

## IV. DISCUSSION

### A. NEW EVIDENCE

At issue in this case is ALJ Ramsey's decision, and the denial of Plaintiff's second application for benefits. Plaintiff filed his motion for summary judgment, as the court directed, but does not challenge ALJ Ramsey's decision. Instead, Plaintiff appears to be requesting a "sentence six remand" based on "new evidence," i.e, ALJ Villere's favorable decision. See 42 U.S.C. § 405(g) (allowing the court, at any time, to "order additional evidence

to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding").

Plaintiff claims the Commissioner's decision to grant Plaintiff benefits less than 15 days after the prior unfavorable decision constitutes both new and material evidence. Defendant argues Plaintiff has the incorrect dates in his brief. Specifically, Defendant points out that ALJ Ramsey issued his unfavorable decision on June 13, 2007, and Plaintiff submitted his third application on July 27, 2007, not June 27, 2007, as indicated in Plaintiff's brief. ALJ Villere found Plaintiff disabled as of July 27, 2007, the date Plaintiff filed his third application. Therefore, the time-frame between ALJ Ramsey's denial and ALJ Villere's approval was not 15 days, as Plaintiff asserts, but rather 45 days.

Plaintiff argues that ALJ Villere's favorable decision is new and material evidence supporting his argument that this case should be remanded for the Commissioner to reevaluate his onset date. Plaintiff relies on the Ninth Circuit decision in Bruton v. Massanari, 268 F.3d 824 (9th Cir. 2001) for the proposition that a subsequent favorable decision could warrant remand under sentence six. He then relies on several out of circuit lower court cases to support his argument that a favorable decision 15 days after a denial is a sufficient basis for the court to remand the case to the Commissioner. See e.g., Hayes v. Astrue, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007); Bradley v. Barnhart, 463 F. Supp. 2d 577 (S.D. W. Va. 2006); Reichard v. Barnhart, 285 F. Supp. 2d 728 (S.D. W. Va. 2003).

As discussed above, Plaintiff's reliance on a 15 day gap between decisions is inaccurate. The Ninth Circuit did indicate in Bruton that a subsequent favorable decision could warrant a remand, but in that case did not as the subsequent favorable decision involved different medical evidence, involved a different time period, and a different age classification. See 268 F.3d at 827. The other cases Plaintiff relies on also support the notion that a subsequent favorable decision rendered "in immediate proximity to an earlier denial of benefits is worthier

of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome of the claim." Bradley v. Barnhart, 463 F. Supp. 2d 577, 581 (S.D.W.Va. 2006). However, the Sixth Circuit has found that "the mere existence of the subsequent decision in [the claimant's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding." Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 653 (6th Cir. 2009); see also Jacks v. Barnhart, 2004 WL 2200944, at *2 n.1 (N.D. Cal. 2004) (noting that a subsequent award of benefits letter submitted to the court was insufficient for the court to determine how the subsequent award related to the prior application because it was submitted with no evidence as to whether it even involved the same injury, and "defendant correctly suggests that in assessing retrospective eligibility, a subsequent award of benefits is not material. See Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001).").

Here, the third application was approved, with an onset date of July 27, 2007. Whether 45 days would be considered "immediate proximity" to the prior denial is unclear. The cases cited by Plaintiff involve a time period of less than one week. See, e.g., Hayes, 488 F. Supp. 2d 560 (one day); Bradley, 463 F. Supp. 2d 577 (one day); Reichard, 285 F. Supp. 2d 728 (five days); Luna v. Astrue, 2008 WL 2559400 (D. Ariz. 2008) (one day). Even assuming for the moment that it is, questions remain as to what evidence was relied on in the subsequent decision. It appears ALJ Villere relied on Dr. Wadman's opinion who apparently began treating Plaintiff during the time between the decisions. This would likely be considered different evidence than what ALJ Ramsey had before him. The evidence ALJ Ramsey had did not include any actual mental health treatment. While actual mental health treatment may be new and material, Plaintiff has not provided the court with any of the actual evidence, just the suggestion there may be some.

In addition, Plaintiff acknowledges that in order for this court to remand for further proceedings based on new evidence, that the Ninth Circuit has held good cause must be shown for the failure to present the relevant information to the Commissioner. See Wainwright V. Sec'y of Health & Human Servs., 939 F.2d 680, 683 (9th Cir. 1991) (holding good cause was

shown due to advances in medical technology). Plaintiff, however, has not shown good cause for failing to present earlier the medical evidence relied on in his third application. "A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." Mayes v. Massanari, 276 F3d 453, 463 (9th Cir. 2001). Plaintiff has provided no reasons that justifies his failure to obtain the medical evidence more favorable to his claim sooner.

From the decision it appears ALJ Ramsey evaluated Dr. Wadman's opinion as an examining (rather than treating) physician, as Plaintiff had only seen Dr. Wadman one time and the opinion was based only on an initial evaluation. (CAR 265-270, 274-279). At some point between February 21, 2007 (Dr. Wadman's initial evaluation of Plaintiff) and February 2009, it appears Dr. Wadman became a treating physician. Therefore, ALJ Villere identified Dr. Wadman as a treating psychiatrist and evaluated his opinion as such. ALJ Villere based his decision, at least in part, on Dr. Wadman's opinion, specifically referencing a February 2009 mental functional assessment. This assessment is not before the court. However, as stated above, it appears that ALJ Villere relied on different medical evidence than ALJ Ramsey had before him. Plaintiff fails to address why this medical evidence was not available earlier. The only evaluation from Dr. Wadman ALJ Ramsey had before him was from February 2007. However, ALJ Ramsey did not hold the administrative hearing until March 6, 2007, and did not issue an opinion until June 13, 2007. Plaintiff does not assert that he attempted to provide ALJ Ramsey with additional treatment notes or opinions supporting his claimed disabilities during that time. Nor does he claim to have provided additional supporting documents to the Appeals Counsel, who specifically informed Plaintiff that he could do so on June 5, 2008.[2]

---

[2] At the hearing, ALJ Ramsey left the record open for three weeks to provide Plaintiff an opportunity to provide additional medical records from Shasta County Mental Health. (CAR 53). Plaintiff availed himself of the opportunity to provide those medical records, but did not include any records after March 7, 2007. The records from March 7, 2007 indicate he was waiting for Medi-Cal in order to start his medication. There is no additional evaluation. (CAR 272-273).

The undersigned therefore concludes that even if the subsequent favorable decision, finding Plaintiff disabled as of July 27, 2007, could be considered new and material, Plaintiff has not shown good cause why the evidence supporting that decision was not provided to ALJ Ramsey, or the Appeals Counsel, to evaluate. Therefore, he has not met his burden for this court to remand the denial of benefits to Defendant.

**B. MISINFORMATION**

Plaintiff next contends that ALJ Villere erred in determining Plaintiff's disability onset date, failing to call a medical expert to determine the date of onset, and not reopening Plaintiff prior application.

The instant case was filed as an appeal from ALJ Ramsey's unfavorable decision. (See Compl., Doc. 2, at 1 (stating Plaintiff appeals the June 13, 2007 ALJ decision)). ALJ Villere's decision is not before the court for evaluation. The arguments made regarding any alleged errors in ALJ Villere's decision are inappropriately raised in this case.[3] Such errors should be raised in a separate appeal.

**C. DENIAL OF BENEFITS**

Finally, Plaintiff was directed to file a motion for summary judgment to address the merits of his claim that ALJ Ramsey's decision was not supported by substantial evidence and/or that incorrect legal standards were employed in the determination that he was not entitled to benefits. Plaintiff chose not to address those errors, relying instead on his position that the case should be remanded. The court therefore does not have any of his specific contentions regarding the alleged errors. However, the court has reviewed ALJ Ramsey's decision and finds that it is supported by substantial evidence and did not apply the incorrect legal standards. The

---

[3] ALJ Villere's opinion was issued September 30, 2009. Plaintiff had 60 days thereafter to request a review by the Appeals Counsel. Claimants must exhaust the administrative remedies set forth in 42 U.S.C. § 405(g) to invoke the district court's jurisdiction. See Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (per curiam). There is no indication that Plaintiff has exhausted his administrative remedies as to ALJ Villere's opinion.

court will address a few specifics to the extent they may be what Plaintiff claims were errors.

**1. Duty to Develop**

To the extent Plaintiff may claim the ALJ had a duty to develop the record regarding his mental health, the undersigned finds he discharged that duty sufficiently by leaving the record open for three weeks after the hearing for Plaintiff to submit additional evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

**2. Plaintiff's Credibility**

ALJ Ramsey determined he was unable to credit Plaintiff's allegations regarding his pain and functional limitations. In so doing, the ALJ provided specific, cogent reasons, specifically determining there were no objective findings of abnormalities to support his allegations of back pain, and noting the lack of medical treatment. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). The undersigned finds the reasons provided are adequate.

**3. Medical Opinions**

ALJ Ramsey evaluated the contradictory medical opinions in the record and resolved the contradiction properly. He had before him two examining providers opinions, and provided specific and legitimate reasons why he credited one and not the other. See Lester, 81 F.3d at 831; Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The ALJ specifically found Dr. Wadman's opinion to be unsupported by the record as a whole, based on a one time evaluation and Plaintiff's subjective allegations, which are also not supported by the record as a whole. Significantly, there is no evidence that Plaintiff sought or received treatment for any mental condition until December 2006. He therefore credited the examining Psychologist's opinion. The undersigned finds no error in the ALJ's treatment of the medical opinions.

**4. Continuing Non-disability**

Finally, the ALJ found Plaintiff did not meet his burden in overcoming the presumption of continuing non-disability based on the prior denial of benefits. The ALJ specifically found Plaintiff "failed to produce new and material evidence relating to the finding

by the ALJ in the October 27, 2003 decision, that the claimant had no exertional limitations, aside from being limited to occasional climbing and no work on scaffolds, heights or around dangerous machinery." (CAR 20). The undersigned finds no error in the ALJ's determination. There is no evidence before the court that would support an argument that Plaintiff's condition has changed sufficiently, such as a new impairment or a change in age classification. See Lester, 81 F.3d 827.

## V. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, the undersigned recommends that:

1. Plaintiff's motion for summary judgment (Doc. 32) be denied;
2. Defendant's cross-motion for summary judgment (Doc. 33)be granted; and
3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2010

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE