IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matt A. Ferrando, ) | |
| ) | 2:08-cv-02470-GEB-CMK |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER GRANTING MOTION FOR |
| ) | <u>ATTORNEYS' FEES AND COSTS</u> |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

     Plaintiff Matt A. Ferrando moves for $21,921.54 in attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), prescribed in 28 U.S.C. § 2412(d). (Pl.'s Appl., ECF No. 50, 2:12.) Defendant Commissioner of Social Security ("Commissioner") originally opposed Plaintiff's motion on the ground that it did not include an "itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed" as required by § 2412(d)(1)(B). (Def.'s Opp'n, ECF No. 54, 2:4—8.) However, Plaintiff has since filed an itemized statement, (Decl. of Andrew P. Ragnes ("Ragnes Decl."), ECF No. 55), and the Commissioner has not responded to that filing.

**I. BACKGROUND**

     On October 17, 2008, Plaintiff filed suit under 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying Plaintiff's application for disability benefits. (ECF No. 1.)

The Commissioner subsequently prevailed on its summary judgment motion, resulting in the denial of disability benefits being upheld. (ECF No. 38.) The Ninth Circuit reversed and remanded, directing that the Commissioner "determine when [Plaintiff's] mental impairments became so severe as to render him disabled." Ferrando v. Comm'r, 449 Fed. App'x 610, 612 (9th Cir. 2011). It also disapproved of the Commissioner's argument that Plaintiff's treating psychiatrist's opinion was entitled to less weight since it was based only on Plaintiff's subjective allegations. Id. at 612 n.2. On November 17, 2011, the district court remanded the action to the Commissioner and closed the case. (ECF No. 48.) On December 5, 2011, Plaintiff filed the instant motion for EAJA attorneys' fees, and on March 27, 2012, Plaintiff supplemented his application with an itemized statement. (ECF Nos. 50, 55.)

## II. STANDARD

To recover attorneys' fees from the Commissioner under the EAJA, a plaintiff must show that "(1) [he] is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(1)(A)). A successful EAJA fee applicant must also file a fee application within thirty days of entry of final judgment, and support the application with an itemized statement of fee rates and attorney time expended. 28 U.S.C. § 2412(d)(1)(B); Poole v. Rourke, 779 F. Supp. 1546, 1560 (E.D. Cal. 1991). In addition, a plaintiff must satisfy a net worth requirement, by showing he is "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

## III. DISCUSSION

**A. Eligibility for Fees**

Plaintiff satisfies the net worth and timeliness requirements of the EAJA. Plaintiff's proof that he possessed a net worth of under $2,000,000 at the time the action was initiated is undisputed, and his initial fee application was timely since it was filed eighteen days after judgment entered. However, Plaintiff failed to support his application with an itemized statement during the thirty-day statutory period for EAJA fee applications. In response to the Commissioner's objection concerning this omission, Plaintiff submitted an itemized statement, which is considered since the Commissioner neither contests its sufficiency nor argues that the Commissioner suffered prejudice. See United States v. Hristov, 396 F.3d 1044, 1048 (9th Cir. 2005) ("When the government can show no prejudice from allowing an amendment to a fees application, it is unduly harsh not to allow an amendment to bring the application in conformity with a technical pleading requirement."); id. at 1047–48 (permitting addition of itemized statement after expiration of thirty-day EAJA period under statute incorporating the filing requirements of EAJA § 2412).

Plaintiff is also the prevailing party in the litigation since he obtained an order remanding the Commissioner's decision and "terminat[ing] the litigation with victory for the plaintiff." Shalala v. Schaefer, 509 U.S. 292, 301, 300 (1993) (ruling that a plaintiff such as Ferrando "who won a remand order, pursuant to sentence four of [42 U.S.C.] § 405(g)" is a prevailing party). Therefore, Plaintiff is entitled to attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Plaintiff bears the initial burden of pleading that the Commissioner's position was not substantially justified. <u>Scarborough v. Principi</u>, 541 U.S. 401, 414 (2004); <u>accord</u> <u>In re Application of Mgndichian</u>, 312 F. Supp. 2d 1250, 1255 (C.D. Cal. 2003). If Plaintiff makes this allegation, the burden shifts to the Commissioner to prove either that its position in the underlying litigation was substantially justified or that special circumstances make an award unjust. <u>Scarborough</u>, 541 U.S. at 416. Plaintiff alleges the Commissioner's position was unjustified since Defendant improperly sought to discredit Plaintiff's treating psychiatrist's diagnosis, as was recognized by the Ninth Circuit, which criticized the Commissioner's position and rejected it. (<u>See</u> Pl.'s Appl. 5:5-20; Def.'s Mot. for Summ. J., ECF No. 33, 9:21-22, 10:1-2; <u>Ferrando</u>, 449 Fed. App'x at 611—12 & n.2.) Plaintiff has thus met his pleading burden. The Commissioner does not oppose this portion of Plaintiff's attorneys' fees motion, and has not shown that its position was substantially justified or that special circumstances make an award unjust. Accordingly, Plaintiff is entitled to reasonable attorneys' fees and costs.

**B. Reasonable Fees and Costs**

Since Plaintiff is entitled to fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983) (setting forth this rule in fee shifting case under 42 U.S.C. § 1988); <u>Costa v. Comm'r of Soc. Sec. Admin.</u>, 690 F.3d 1132, 1135 (9th Cir. 2012) (per curiam) (recognizing that the principles set forth in § 1988 cases apply to reasonable fee determinations under the EAJA). As the fee applicant, Plaintiff "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." <u>Hensley</u>, 461 U.S. at 437.

Further, "even absent defense objections," the district court is "required to independently review [Plaintiff's] fee request." Gates v. Deukmejian, 987 F.2d 1392, 1401 (9th Cir. 1992); see also 28 U.S.C. § 2412(d)(2)(A) (limiting awards to "reasonable" attorneys' fees). "'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting Hensley, 461 U.S. at 433); see also Gengler v. United States ex rel. Dep't of Def. & Navy, 682 F. Supp. 2d 1117, 1139 (E.D. Cal. 2010) (explaining that the figure generated from this computation is presumed to represent a reasonable fee award). Accordingly, Plaintiff's requested hourly rates and hours expended are assessed in turn.

**1. Hourly Rates**

Plaintiff requests fees for work Sammis and Weems performed as experienced attorneys at the adjusted statutory maximum hourly rate of $172.85 in 2008; $172.24 in 2009; $175.06 in 2010; and $179.51 in 2011. (Ragnes Decl. ¶ 2.) "The government does not object to the requested adjusted statutory maximum hourly rate, and [Plaintiff] has calculated the rate correctly." Nadarajah v. Holder, 569 F.3d 906, 918 (9th Cir. 2009); see also Thangaraja v. Gonzales, 428 F.3d 870, 876–77 (9th Cir. 2005) (detailing how this rate is calculated); Animal Lovers Volunteer Ass'n, Inc. v. Carlucci, 867 F.2d 1224, 1227 (9th Cir. 1989) (noting that a cost of living adjustment should be granted except in unusual circumstances), *abrogated on other grounds by* Sorenson, 239 F.3d at 1149. "Accordingly, [Plaintiff] is awarded the requested [statutory maximum] hourly rate" for Sammis and Weems's work. Nadarajah, 569 F.3d at 918.

1          Plaintiff requests fees for Ragnes, a law clerk, at an hourly
2 rate of $100 in 2008 and 2009, and $110 in 2010 and 2011. Plaintiff
3 requests fees for Hull's work as a non-attorney representative at a rate
4 of $150 per hour for 2008, 2009, and 2010. Non-attorney representatives,
5 such as Hull, are "known as 'agents,'" and "assist parties with the
6 presentation of their cases" before the Commissioner. Richlin Sec. Serv.
7 Co. v. Chertoff, 553 U.S. 571, 575 n.2 (2008); see 42 U.S.C. § 406(a)(1)
8 (enabling non-attorney representatives to "represent[] claimants before
9 the Commissioner").
10          Section 2412 has been construed as authorizing fee awards for
11 the work of paralegals and law clerks. E.g., Richlin, 553 U.S. at 572
12 (2008) (declaring it "self-evident" that the EAJA's provision for
13 attorneys' fees "embrace[s] paraglegal fees as well"); Nadarajah, 569
14 F.3d at 918 (approving of EAJA fees for paralegals and law clerks under
15 § 2412). However, § 2412 does not encompass fees for non-attorney
16 representatives such as Hull. See Richlin, 553 U.S. at n.2 & n.10
17 (noting that § 2412(d)(2)(A) "makes no provision for agent fees" such as
18 those of non-attorney representatives, since the statute authorizes fees
19 for federal court litigants, and non-attorneys are typically not
20 permitted to practice in federal court); 28 U.S.C. § 2412(d)(2)(A)
21 (explicitly omitting references to compensable agent fees found in 5
22 U.S.C. § 504(b)(1)(A) of the EAJA); see also Cato v. United States, 70
23 F.3d 1103, 1105 n.1 (9th Cir. 1995) (recognizing that in this circuit
24 non-attorneys cannot practice on behalf of others). Accordingly, Hull's
25 work as a non-attorney representative is not compensable under § 2412.
26 However, Plaintiff also requests fees for Hull's performance of work
27 that is paralegal in nature, which is apart from her work as a non-
28 attorney representative appearing before the Commissioner, to which

1  Plaintiff is entitled to compensation for Hull's services at the
2  approved rate for paralegals. <u>See generally</u> <u>Moreno v. City of
3  Sacramento</u>, 534 F.3d 1106, 1114 n.2 (9th Cir. 2008).
4      Plaintiff's proposed rates of $100 and $110 per hour for
5  Ragnes's law clerk work are "'in line with those [rates] prevailing in
6  the community for similar services by [law clerks or paralegals] of
7  reasonably comparable skill, experience and reputation.'" <u>Nadarajah</u>, 569
8  F.3d at 918 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 895 & n.11 (1984));
9  <u>see</u> <u>Koerner v. Astrue</u>, No. CIV S-09-2240 LKK GGH, 2012 WL 530194, at *1
10 (E.D. Cal. Feb. 17, 2012) (permitting EAJA fees for Ragnes at rate of
11 $110 per hour); <u>Stratton v. Glacier Ins. Adm'rs, Inc.</u>, No. 1:02-CV-06216
12 OWW DLB, 2007 WL 1989097, at *4 (E.D. Cal. July 3, 2007) (awarding law
13 clerks fees at rate of $100 per hour); <u>Soda Mountain Wilderness Council
14 v. Norton</u>, No. Civ. S-04-2583 LKK/CMK, 2006 WL 2054062, at *4 n.7 (E.D.
15 Cal. July 21, 2006) (noting that "the Supreme Court, and lower courts,
16 have approved the inclusion of fees for law clerks and law students in
17 fee awards under EAJA and analogous fee-shifting statutes"); <u>Lucas v.
18 White</u>, 63 F. Supp. 2d 1046, 1060 nn.16–17 (N.D. Cal. 1999) (awarding
19 fees at rate of $100 per hour for law clerks). Therefore, "[t]he
20 requested hourly rates for the paralegal[ and law clerk work] are
21 awarded." <u>Nadarajah</u>, 569 F.3d at 918.
22     Plaintiff also requests fees at a rate of $70 per hour for
23 clerical work performed by Ragnes. However, these requests are not
24 approved since fees for "purely clerical tasks" should be subsumed in a
25 law firm's overhead, not separately compensated. <u>Neil v. Comm'r of Soc.
26 Sec.</u>, No. 11-35996, 2012 WL 5462568, at *1 (9th Cir. Nov. 9, 2012)
27 (affirming denial of fees for "purely clerical tasks" for this reason);
28 <u>see also</u> <u>Nadarajah</u>, 569 F.3d at 925 ("disallow[ing]" fees for clerical

7

work); Shinn v. Astrue, No. 1:04-cv-6050 TAG, 2008 WL 2073980, at *7 (E.D. Cal. May 14, 2008) (finding clerical tasks are "not compensable" under the EAJA).

### 2. Number of Hours

Taking into account this court's "overall sense of [the] suit," Plaintiff is largely entitled to the reasonable attorneys' fees that he seeks. Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) (exhorting trial courts shifting fees not to "become green-eyeshade accountants," but instead to award reasonable fees based on an "overall sense of a suit"). Further, although the fees Plaintiff requests from 2010 and 2011 largely concern Plaintiff's appeal to the Ninth Circuit, under the EAJA, Plaintiff is entitled to attorneys' fees for "*all* levels of the litigation," including fees incurred prosecuting his appeal. Nat'l Res. Def. Council, Inc. v. Winter, 543 F.3d 1152, 1164 (9th Cir. 2008). Accordingly, the portions of Plaintiff's fee application based upon his Ninth Circuit appeal are "properly filed in the district court," Ninth Circuit Rule 39-1.6 notwithstanding. Id.

Thus for attorney Sammis's work, Plaintiff is entitled to $3,054.32 based upon Sammis's fees for .8 hours in 2008; 5.8 hours in 2009; 8.9 hours in 2010; and 2 hours in 2011. For attorney Weems's work, Plaintiff is entitled to $8,862.02 based upon Weems's fees for 25.5 hours in 2010 and 24.5 hours in 2011. For Ragnes's work as a law clerk, Plaintiff is entitled to $8,765 based upon Ragnes's fees for 32.1 hours in 2008 and 2009, and 50.5 hours in 2010 and 2011. None of Ragnes's clerical work (primarily filing and Pacer downloads) is compensable. For Hull's paralegal work, Plaintiff is entitled to $385 based upon her fees for 1.1 hours in 2008 and 2009, and 2.5 hours in 2010. Plaintiff is additionally entitled to $463.20 in costs connected with the case. See

Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan, 792 F.2d 762, 767 (9th Cir. 1985) (approving of EAJA cost shifting for travel, postage, and other expenses such as those billed here); Catholic Soc. Servs., Inc., 837 F. Supp. 2d at 1076—77 (same). Accordingly, in sum, Plaintiff is entitled to $21,529.54 in attorneys' fees and costs.

## VI. CONCLUSION

For the stated reasons, Plaintiff is awarded $21,529.54 in EAJA attorneys' fees and costs. The Commissioner shall pay this sum to Plaintiff within sixty (60) days from the date on which this Order is filed.

Dated:  March 14, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge